IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Criminal Case No. PX 18-181 |
| JOSUE D. SARAVIA-BENITEZ, | * | |
| | * | |
| Defendant, | * | |

*****

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Josue D. Saravia-Benitez' ("Benitez" or "Appellant") appeal of his four-day prison sentence following his guilty plea to speeding 114 miles in a 55 mile per hour speed zone. Appellant argues that the imposed sentence was procedurally unreasonable because the sentence was not supported by an adequate statement of reasons. Based on the following, this Court AFFIRMS the sentence below.

**I.     Background**

On August 14, 2017, Appellant appeared before United States Magistrate Thomas DiGirolamo and pleaded guilty to the criminal misdemeanor offense of speeding in violation of 36 C.F.R. § 4.21(c). In support of his guilty plea, Benitez agreed that on May 11, 2017 at 2:15 a.m., he was speeding on the Baltimore Washington Parkway alongside another vehicle which was keeping pace with Benitez. Park Police radar detected that Benitez was traveling approximately 114 miles per hour in an area of the parkway with clearly posted 55 mile-per-hour signs. Park Police pulled over the vehicle and identified the operator as Benitez. It is undisputed that the Park Police radar was properly calibrated and accurately recorded the speed at which Benitez was

traveling. Judge DiGirolamo found Appellant guilty of speeding and set sentencing for a later date at Benitez' request to allow him time to present evidence in mitigation of sentence.

At sentencing, the government sought an unspecified term of imprisonment. The government particularly emphasized that Benitez had committed the instant offense after having previously been convicted of a separate speeding offense in state court and completed a driver improvement program as a sanction. ECF No. 9-2 p. 4. The government also provided Judge DiGirolamo with a copy of the Appellant's driving record.

Benitez, through counsel, then advocated for probation, noting that Benitez is married, has a six-month-old son, and is gainfully employed. Benitez further underscored that his prior speeding offense involved traveling only ten miles per hour over the speed limit, and that in light of his age, probation is an appropriate sentence.

Judge DiGirolamo orally pronounced Appellant's sentence as follows:

> Well your record shows that you had a speeding conviction back in 2015, and you did go to a driver improvement program then. And then this offense occurred in May 2017. Less than a year after the driver improvement program. Speeding is an offense which people do knowingly -- no one forces you to speed.
> When you get in a vehicle you have control over how fast you are going. Or how slowly you go. And I have never given a lot of weight to the excuse that, well someone is young so they are prone to speed. That just doesn't carry a whole lot of weight with me. It is particularly egregious in your case because you well knew through a driver improvement program, and less than a year later, you are going 114 miles per hour in a 55 mile per hour zone.
> Which makes me wonder what you got out of that driver improvement program. Everybody makes mistakes. You could be on the beltway and the speed limit is 65 and you are keeping up with the flow of traffic and you are going 70 or 75. That is a mistake. Going 114 in a 55 is not a mistake. You weren't keeping up with any traffic. And you clearly knew you were going over the speed limit.
> And that is clearly dangerous. Taking into account everything and in light of your age which you are fairly young, it is going to be a sentence of four days incarceration to be served over a weekend. I don't have any preference for a weekend. We can do that anytime within the next several weeks.

(*Id*. at 9-10).

Magistrate Judge DiGirolamo then designated Benitez to serve the four days in jail on the dates provided by defense counsel. *Id.*

## II. Analysis

Federal Rule of Criminal Procedure 58(g)(2)(B) provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and . . . serv[ing] a copy on the adverse party." Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Where, as here, a defendant challenges the reasonableness of a sentence, this Court applies a "deferential abuse-of-discretion" standard of review. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal marks and citation omitted).

"A sentence may be procedurally unreasonable . . . if the [sentencing] court provides an inadequate statement of reasons or fails to make a necessary factual finding." *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006), *overruled in part on other grounds by Gall v. United States*, 552 U.S. 38 (2007), and *Rita v. United States*, 551 U.S. 338 (2007), as recognized in *United States v. Diosdado–Star*, 630 F.3d 359, 363–67 (4th Cir. 2011). "When rendering a sentence, the [] court 'must make an individualized assessment based on the facts presented.' That is, the sentencing court must apply the relevant [18 U.S.C.] § 3553(a) factors to the specific circumstances of the case before it." *Carter*, 564 F.3d at 328 (emphasis removed; internal citation omitted) (quoting *Gall*, 552 U.S. at 50). Importantly, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review." *United States v. Blue,* 877 F.3d 513, 518 (4th Cir. 2018). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Id.*

Judge DiGirolamo rendered sufficient findings here. The Court found that the offense was

particularly egregious in its own right, noting that the act of attaining a speed of 114 miles per hour in a 55 mile per hour zone is a more conscious, deliberate and dangerous act than an individual who exceeds the limit only by ten or fifteen miles. The Court further noted that Benitez' offensive conduct was "particularly egregious" because it occurred close in time to a prior conviction for speeding and his recent completion of a driver improvement course. The Court also considered Benitez' individual history and characteristics in fashioning an appropriate sentence, emphasizing Benitez' youth as mitigation in support of a four-day "weekend" sentence. The Court also allowed Benitez to choose the weekend in which he would serve his sentence, in evident recognition of Benitez' family and work responsibilities.

Benitez nonetheless attempts to accord outsized weight to Judge DiGirolamo's misstatement regarding the timing of the instant conviction in relation to his prior completion of a driver improvement course. The record is clear that Judge DiGirolamo knew that Benitez completed the driver improvement course in 2015. The Court's misstatement regarding Benitez having completed course within the previous year instead of the previous two years alone does not undermine the sufficient individualized findings which adequately support a four-day imprisonment sentence. The sentence was not procedurally unreasonable. *Cf. United States v. Burrell,* 2014 WL 1573598 No. DKC 14-0126, 2014 WL 1573598, at *3 (D. Md. Apr. 17, 2014).

ACCORDINGLY, it is this 9th day of October, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The sentence imposed on Appellant Josue D. Saravia-Benitez, entered by United States Magistrate Judge Thomas M. DiGirolamo on January 10, 2018, BE, and the same hereby IS AFFIRMED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties and to CLOSE this case.

_____/s/_____
Paula Xinis
United States District Judge